IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REY FRANCISCO ROSARIO,              :

    Petitioner,                              :

vs.                                                       :         CA 15-0050-CB-C

HOUSTON COUNTY, ALABAMA,     :

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner presently housed at Bullock County Correctional Facility in Bullock County, Alabama, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court on January 31, 2015. (Doc. 1.) Petitioner challenges the validity of his December 2, 2011 attempted theft of property conviction in the Circuit Court of Houston County, Alabama. (*See id.* at 1.)

The undersigned notes that Bullock County, Alabama, where Rosario is presently housed, is in the Northern Division of the Middle District of Alabama, *see* 28 U.S.C. § 81(b)(1) ("The Northern Division [of the Middle District of Alabama] comprises the counties of Autauga, Barbour, **Bullock**, Butler, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery, and Pike." (emphasis supplied)), while the county of conviction, Houston County, Alabama, is located in the Southern Division of the Middle District of Alabama, *see* 28 U.S.C. § 81(b)(2) ("The Southern Division [of the Middle District of Alabama] comprises the counties of Coffee, Dale, Geneva, Henry, and *Houston*." (emphasis supplied)).

28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction. This Court does not even enjoy

concurrent jurisdiction in this action, since Rosario was convicted in and is presently confined in the Middle District of Alabama. Accordingly, this action is due to be transferred to the Middle District of Alabama, the district of conviction and confinement. *Compare* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him* and each of such district courts shall have concurrent jurisdiction to entertain the application." (emphasis supplied)) *with Greeson v. Crews,* 2014 WL 7178515, *1 (N.D. Fla. Dec. 15, 2014) (transferring case to the Middle District of Florida, the district of conviction and confinement).

Based upon the foregoing, it is recommended that, in the furtherance of justice, this action be transferred to the United States District Court for the Middle District of Alabama for any and all further proceedings.[1]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the

---

[1] The undersigned does not rule on petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) because this is a decision best left to the United States District Court for the Middle District of Alabama.

magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of February, 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**